IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:02CR3194 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| JOHN R. FREES, | ) | |
| | ) | |
| Defendant. | ) | |

   The Court of Appeals has remanded this case "for consideration in light of Tiedman v. Benson, 122 F.3d 518 (8th Cir. 1997), with directions that if granted, the certificate of appealability specify the issue or issues that are to be considered on appeal." (Filing 44.)  Upon consideration, I find that Tiedman has no application in this case because the certificate-of-appealability requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not apply in this case.

   Section 102 of AEDPA requires, as a precondition to taking an appeal from a "final order in a habeas corpus proceeding" or a "final order in a proceeding under section 2255," that a certificate of appealability be issued.  See 28 U.S.C. § 2253. The present case is neither a habeas corpus proceeding nor a proceeding under 28 U.S.C. § 2255.

   Even though the clerk of the court docketed the defendant's "motion to proceed in forma pauperis" (filing 37) as a § 2255 motion, I construed this pro se filing to be an untimely notice of appeal from the judgment of conviction that was entered on August 13, 2003.  See Memorandum and Order entered October 31, 2005 (filing 42). Pursuant to Fed. R. App. P. 24(a)(3), I then certified that the appeal was not taken in good faith and denied the defendant's request to proceed in forma pauperis on appeal.  See id.  I also denied the defendant's separate request for preparation of a trial transcript.  See id.

Alternatively, if the Court of Appeals is directing that filing 37 be construed as a § 2255 motion, then it is barred by the 1-year statute of limitations.[1] See 28 U.S.C. § 2255. In such case, no certificate of appealability would issue from the denial of the § 2255 motion because the applicability of the statute-of-limitations procedural bar is not debatable.

IT IS ORDERED that:

1. No certificate of appealability will issue in this matter.

2. The clerk of the court shall forward a copy of this memorandum and order to the Clerk of the United States Court of Appeals for the Eighth Circuit.

3. The clerk shall also forward a copy of this memorandum and order to Defendant's counsel of record, John F. Aman.

November 16, 2005.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge

---

[1] The judgment of conviction became final on August 27, 2003, when the time for filing a notice of appeal passed, i.e., 10 days after entry of the judgment. See Fed. R. App. P. 4(b)(1)(A). Filing 37 was filed over two years later, on October 24, 2005.

-2-